**FILED UNDER SEAL**

**ARNOLD & PORTER KAYE SCHOLER LLP**
Alex Beroukhim (SBN 220722)
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Telephone: (213) 243-4000
Facsimile:  (213) 243-4199
alex.beroukhim@arnoldporter.com

Tommy Huynh (SBN 306222)
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Telephone:  (415) 471-3100
Facsimile:  (415) 471-3400
tommy.huynh@arnoldporter.com

*Attorneys for Defendants Sanofi US Services Inc.*
 *and Sanofi-Aventis U.S. LLC*

*[Additional Counsel on Signature Page]*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| Louise Porras, an individual and on behalf of the estate of Edward Porras,<br><br>                    Plaintiff,<br><br>          v.<br><br>GlaxoSmithKline, LLC; Boehringer Ingelheim Pharmaceuticals, Inc.; Boehringer Ingelheim USA Corporation; Pfizer, Inc.; Sanofi US Services Inc.; Sanofi-Aventis U.S. LLC; Patheon Manufacturing Services, LLC; Walgreens Co.; Rite Aid Corporation; and DOES 1 through 100 inclusive,<br><br>                    Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, and 1446**<br><br>**DEMAND FOR JURY TRIAL** |

**FILED UNDER SEAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants GlaxoSmithKline, LLC ("GSK"), Pfizer Inc. ("Pfizer"), Boehringer Ingelheim Pharmaceuticals, Inc. and Boehringer Ingelheim USA Corporation (together, "BI"), Sanofi US Services Inc. and Sanofi-Aventis U.S. LLC (together, "Sanofi"), Walgreen Co. ("Walgreens"), and Rite Aid Corporation ("Rite Aid") (collectively, "Removing Defendants") hereby give notice of removal of this action, *Porras v. GlaxoSmithKline, LLC et al.*, Case No. CGC22603510, from the Superior Court of the State of California in and for the County of San Francisco to the United States District Court for the Northern District of California.

## INTRODUCTION

1.    This action is one of many individual lawsuits filed against manufacturers, distributors, and retailers of Zantac (ranitidine) relating to cancers allegedly caused by the drug.  *See* Compl., attached as **Exhibit A**.[1]  On February 6, 2020, the Judicial Panel on Multidistrict Litigation ("JPML") created a Multidistrict Litigation ("MDL") in the Southern District of Florida before Judge Robin Rosenberg for pretrial coordination of cases like this one "in which plaintiffs allege that they developed cancer as a result of NDMA formed from Zantac."  *In re Zantac (Ranitidine) Prods. Liab. Litig.*, 437 F. Supp. 3d 1368, 1369 (J.P.M.L. 2020).  The JPML found that centralizing these cases for pretrial purposes "will eliminate duplicative discovery; prevent inconsistent pretrial rulings . . . and conserve the resources of the parties, their counsel, and the judiciary."  *Id.*  To date, thousands of actions have been filed in or transferred to the Zantac MDL.

2.    In this case, the only non-diverse defendant, Patheon Manufacturing Services, LLC ("Patheon"), is fraudulently joined.  Prior to filing this lawsuit, Plaintiff asserted in a verified statement submitted in the Zantac MDL that ███████████████████████████████████████ ██████████    *See* Pl.'s Census Plus Form at ███, attached hereto as **Exhibit B**.  But Patheon never manufactured, packaged, distributed, or sold ████████████████████████████████████████ █████████████████████████████████████████████████████████████████████████,

---

[1] The Complaint alleges that the decedent consumed ranitidine products, and, as a result, developed colorectal cancer.  *See* Compl. ¶ 9.  Plaintiff  asserts eight claims against the Removing Defendants: (1) strict liability – failure to warn; (2) strict liability – manufacturing defect; (3) negligence – failure to warn; (4) negligent product design; (5) negligent manufacturing; (6) negligent misrepresentation; (7) wrongful death; and (8) survival.

**FILED UNDER SEAL**

1
2 ████████████████  Patheon therefore could not have manufactured or distributed ████████
3 ████████████████████████████

4      3.      As such, Plaintiff cannot state a cause of action against Patheon.  Patheon's citizenship

5 must be disregarded, and federal jurisdiction exists because:  (1) there is complete diversity of

6 citizenship between Plaintiff and all properly joined defendants; and (2) the amount in controversy

7 exceeds the jurisdictional threshold under 28 U.S.C. § 1332(a).

8                              **VENUE AND JURISDICTION**

9      4.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(a), 1391, 1441(a), and

10 1446(a) because the Superior Court of the State of California in and for the County of San Francisco,

11 where the Complaint was filed, is a state court within the Northern District of California.

12      5.      This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because:

13 (1) there is complete diversity between Plaintiff and all properly joined defendants; (2) the amount

14 in controversy exceeds $75,000, exclusive of interest and costs; and (3) all other requirements for

15 removal have been satisfied.

16                              **BASIS FOR REMOVAL**

17 **I.      There Is Complete Diversity Between Plaintiff and All Properly Joined Defendants.**

18      6.      In a representative lawsuit such as this one, "the legal representative of the estate of a

19 decedent shall be deemed to be a citizen only of the same State as the decedent."  28 U.S.C.

20 § 1332(c)(2).    Plaintiff alleges that she is the "surviving heir[], successor[] in interest, and/or

21 personal representative[] of Decedent[]," who in turn "was a citizen and resident of the state of

22 California." Compl. ¶¶ 9, 22, 282, 288.  Plaintiff is, therefore, a citizen of California.

23      7.      For purposes of diversity jurisdiction, a corporation is "a citizen of every State and

24 foreign state by which it has been incorporated and of the State or foreign state where it has its

25 principal place of business."  28 U.S.C. § 1332(c)(1).  A limited liability company "is a citizen of

26 every state of which its owners/members are citizens."  *Johnson v. Columbia Props. Anchorage,*

27 *LP*, 437 F.3d 894, 899 (9th Cir. 2006).

28

**FILED UNDER SEAL**

8.    Defendant Boehringer Ingelheim Pharmaceuticals, Inc. is a corporation organized under the laws of Delaware with its principal place of business in Ridgefield, Connecticut.  Compl. ¶ 27.   Boehringer Ingelheim Pharmaceuticals, Inc. is, therefore, a citizen of Delaware and Connecticut.

9.    Defendant Boehringer Ingelheim USA Corporation is a corporation organized under the laws of Delaware with its principal place of business in Ridgefield, Connecticut. *Id.* ¶ 28. Boehringer Ingelheim USA Corporation is, therefore, a citizen of Delaware and Connecticut.

10.    Defendant GlaxoSmithKline LLC is a limited liability company organized under the laws of Delaware.  *Id.* ¶ 23.  GlaxoSmithKline LLC's sole member is GlaxoSmithKline Holdings (America) Inc., a corporation organized under the laws of Delaware with its principal place of business in Wilmington, Delaware.  *See* Attachment to Corp. Disclosure Statement, *In re Zantac (Ranitidine) Prods. Liab. Litig*, MDL No. 2924, ECF No. 43-1.  GlaxoSmithKline LLC is, therefore, a citizen of Delaware.

11.    Defendant Pfizer Inc. is a corporation organized under the laws of Delaware with its principal place of business in New York, New York.  Compl. ¶ 26.  Pfizer Inc. is, therefore, a citizen of Delaware and New York.

12.    Defendant Sanofi US Services Inc. is a corporation organized under the laws of Delaware with its principal place of business in Bridgewater, New Jersey. *Id.* ¶ 30.  Sanofi US Services Inc. is, therefore, a citizen of Delaware and New Jersey.

13.    Defendant Sanofi-Aventis U.S. LLC is a limited liability company organized under the laws of Delaware. *Id.* ¶ 31.  The sole member of Sanofi-Aventis U.S. LLC is Sanofi US Services Inc., a Delaware corporation with its principal place of business in Bridgewater, New Jersey. *Id.* ¶ 30.  Sanofi-Aventis U.S. LLC is, therefore, a citizen of Delaware and New Jersey.

14.    Defendant Walgreen Co. is a corporation organized under the laws of Illinois with its principal place of business in Deerfield, Illinois. *Id.* ¶ 34.  Walgreen Co. is, therefore, a citizen of Illinois.

**FILED UNDER SEAL**

15.    Defendant Rite Aid Corporation is a corporation organized under the laws of Delaware with its principal place of business in Camp Hill, Pennsylvania. *Id*. ¶ 35.  Rite Aid Corporation is, therefore, a citizen of Delaware and Pennsylvania.

16.    Defendants "Does 1 through 100" are disregarded when assessing the diversity of citizenship of the parties for removal.  *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."); *see also Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) ("The citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant.").

## II.    Patheon Is Fraudulently Joined.

17.    Patheon is alleged to be a citizen of Delaware, New York, California, Massachusetts, Wisconsin, and Pennsylvania through a complicated corporate structure.  *See* Compl. ¶ 33.  But because Patheon is fraudulently joined in this action, its citizenship should be disregarded.

18.    A defendant is fraudulently joined and its citizenship can be ignored for establishing diversity jurisdiction, where no viable cause of action has been stated against it.  *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (a defendant is fraudulently joined "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state") (quoting *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) (same).

19.    Under California law, a plaintiff asserting a personal injury product liability claim must demonstrate that "the defendant's product, or some instrumentality under the defendant's control, caused his or her injury."  *DiCola v. White Bros. Performance Prods., Inc.*, 69 Cal. Rptr. 3d 888, 897 (Ct. App. 2008) (collecting cases); *see also Garcia v. Joseph Vince Co.*, 148 Cal. Rptr. 843, 846 (Ct. App. 1978) ("[W]hether negligence, . . . strict liability in tort, or other grounds, it is obvious that to hold a producer, manufacturer, or seller liable for injury caused by a particular product, there must first be proof that the defendant produced, manufactured, sold, or was in some way responsible for the product." (quoting 51 A.L.R.3d 1334, 1349)); *Soule v. Gen. Motors Corp.*,

**FILED UNDER SEAL**

882 P.2d 298, 312 (Cal. 1994) ("A manufacturer is liable only when a defect in its product was a legal cause of injury." (citation omitted)); *Sanchez v. Stryker Corp*., No. 2:10-CV-08832-ODW, 2012 WL 1570569, at \*6 & n.9 (C.D. Cal. May 2, 2012) ("These five causes of action [including negligence, strict liability, and negligent misrepresentation] have one central question—whether the specific Stryker device . . . caused Plaintiff's injury." (collecting cases)); *Timmons v. Linvatec Corp*., 263 F.R.D. 582, 585 (C.D. Cal. 2010) (dismissing negligence, strict liability, negligent misrepresentation, and consortium claims against pharmaceutical manufacturer with prejudice, in part because it was undisputed that the defendant had not manufactured or sold the drug at issue). In other words, Plaintiff must establish that a particular defendant's product caused her injury in order to succeed on any of her claims against that defendant.

20.     Fraudulent joinder claims can be resolved by "piercing the pleadings" and considering outside evidence. *See Morris*, 236 F.3d at 1068 (quoting *Cavallini v. State Farm Mutual Auto Ins. Co*., 44 F.3d 256, 263 (5th Cir. 1995) ("[F]raudulent joinder claims may be resolved by 'piercing the pleadings' and considering summary judgment-type evidence such as affidavits and deposition testimony.")); *BSD, Inc. v. Equilon Enters., LLC*, No. C 10-05223 SBA, 2011 WL 1295984, at \*3 (N.D. Cal. Apr. 1, 2011) (same).

21.     Applying these principles, courts routinely find that non-diverse defendants in product liability actions are fraudulently joined where those defendants did not actually manufacture or sell the product that allegedly caused the plaintiff's injury. *See, e.g.*, *Gallagher v. Boehringer Ingelheim Pharms., Inc*., No. 22-CV-10216 (LJL), 2023 WL 402191, at \*5–6, 10 (S.D.N.Y. Jan. 25, 2023) (denying remand after finding that non-diverse defendant was fraudulently joined because that defendant "was no longer in control of Zantac when [the drug] caused Plaintiff's injuries"); *Vieira v. Mentor Worldwide, LLC*, 392 F. Supp. 3d 1117, 1127–28 (C.D. Cal. 2019) (finding non-diverse defendant fraudulently joined because it "did not manufacture . . . and was not involved in the development of the MemoryGel Implant," and therefore there was "no possibility that Plaintiff could recover under a theory of product liability against [it]"), *aff'd*, 845 F. App'x 503 (9th Cir. 2021); *Reith v. Teva Pharms. USA, Inc.*, No. CV 18-3987, 2019 WL 1382624, at \*3-5 (E.D. Pa. Mar. 27, 2019) (dismissing as fraudulently joined non-diverse defendants that were "not in the chain

**FILED UNDER SEAL**

of distribution as the manufacturer or seller of the plaintiffs' IUDs" as required in order to state a

claim against them under state law, and denying remand).

22.    Here too, Patheon is fraudulently joined, because Patheon did not manufacture,

package, distribute, or sell ███████████████████████████████████████

23.    ██████████████████████████████████████████████████████████

███████████████████████████████████.

24.    ██████████████████████████████████████████████████████████

███████████████████████████████     █████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

█████████████████████████.[2]

25.    While the Complaint fails to specify the ranitidine products that the decedent took,

prior to filing this case, Plaintiff asserted that the ████████████████████████     in the

"Census Plus Form" that she verified and submitted in the Zantac MDL.  In response to questions

seeking information abou ███████████████████████     Plaintiff answered that ███████████

██████████████████████████████████████████████     *See* **Exhibit B** at

█████████████████████████████████     (emphasis in original)).  When asked to ████

████████████████████████████████████████████████████████████████████

█████████████████████████████████████     Plaintiff certified

that "under penalty of perjury" her answers on the Census Plus Form were "true and correct."  *Id.*

at 6.

26.    Because Plaintiff has asserted that ████████████████████████████, Ex. B

at ███, no Patheon product could possibly have caused the decedent's alleged injuries.  As such,

Plaintiff cannot prevail on any of her claims against Patheon.  Thus, Patheon is fraudulently joined

---

[2] The Complaint also asserts claims against Walgreens and Rite Aid, alleging that these retailers
"operat[ed] [] pharmac[ies] which dispense[] Ranitidine-Containing Drugs" in California.  Compl.
¶¶ 34, 35.

and its citizenship can be ignored for establishing diversity jurisdiction.[3]  *See Morris*, 236 F.3d at 1067. When Patheon's citizenship is ignored, Plaintiff is diverse from all properly joined defendants. *See* 28 U.S.C. §§ 1332, 1441.

**III.    The Amount-in-Controversy Requirement Is Satisfied**

27.    Plaintiff's claims satisfy the amount in controversy requirement set forth in 28 U.S.C. § 1332(a).

28.    California Code of Civil Procedure § 425.10(b) prevents a plaintiff from stating a specific damage claim in a personal injury action.

29.    "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).  Where a complaint does not set forth a specific amount of damages, it may nevertheless be "facially apparent" that the amount in controversy exceeds the jurisdictional minimum. *See Mobasser v. Travelers Cas. Ins. Co. of Am.*, No. 13-CV-02567-DMG-CW, 2013 WL 12142942, at *2 (C.D. Cal. June 13, 2013) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).  "[T]he defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court," and "[e]vidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee*, 135 S. Ct. at 553–54.

30.    Here, Plaintiff seeks several categories of damages, including actual or compensatory damages, exemplary damages, punitive damages, and attorneys' fees. *See* Compl., Prayer for Relief ¶ 292(a)-(e).  The Complaint includes eight causes of action and alleges that the decedent's use of Zantac caused him to suffer "significant harm, conscious pain and suffering, physical injury and bodily impairment including, but not limited to cancer, other permanent physical deficits, permanent

---

[3]  While not material to the jurisdictional analysis, based on the decedent's ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Pfizer, BI, and Sanofi are also improper defendants.  Pfizer, BI, and Sanofi only manufactured, marketed, and/or sold ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇  However, because Pfizer, BI, and Sanofi are not forum defendants and are completely diverse from Plaintiff, this Court need not determine whether they are fraudulently joined for purposes of removal.

**FILED UNDER SEAL**

bodily impairment" and death, as well as "mental anguish, [] loss of enjoyment of life . . . [and] economic losses." *Id.* ¶¶ 12, 14, 15, 21. It further asserts that these injuries "required hospitalizations, in-patient surgeries, medication treatments, and other therapies," which resulted in "loss of earning and medical expenses." *Id.* ¶¶ 12, 21. And it alleges that Plaintiff suffered "depriv[ation] of . . . companionship." *See id.* ¶ 285.

31. Courts regularly find that the amount-in-controversy requirement is apparent from the face of the complaint where, as here, a plaintiff alleges serious bodily injury and death. *See, e.g.*, *Campbell v. Bridgestone/Firestone, Inc.*, No. 05-CV-01499-FVS-DLB, 2006 WL 707291, at *2–3 (E.D. Cal. Mar. 17, 2006) (amount in controversy met where complaint asserted strict products liability, negligence, and breach of warranty claims against multiple defendants and requested compensatory damages, hospital and medical expenses, general damages, and loss of earnings); *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1107–08 (9th Cir. 2010) (amount in controversy met where complaint requested damages for, among other things, wrongful death, loss of consortium, and negligence, as well as funeral, medical and burial expenses); *Mullaney v. Endogastric Sols. Inc.*, No. 11-62056-CIV, 2011 WL 4975904, at *2 (S.D. Fla. Oct. 19, 2011) (inferring amount-in-controversy requirement was met where plaintiff alleged that he "underwent 'surgical intervention that required additional life-saving medical treatment' and suffered 'serious, permanent and disabling injuries'"); *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296–97 (S.D.N.Y. 2001) (concluding jurisdictional amount "obviously" met where plaintiff sought to recover punitive and compensatory damages, including lost wages and medical expenses for serious and life-threatening conditions).

32. Indeed, in another Zantac case in which the plaintiff claimed cancer as an injury, a federal court in this Circuit denied a motion to remand where the amount in controversy was not alleged, finding that the requirement was satisfied on the face of the complaint by the nature of the injury. *See Brooks v. Sanofi S.A.*, No. 20-CV-565, 2020 WL 1847682 (D. Nev. Apr. 13, 2020).

33. Moreover, California courts have awarded compensatory and punitive damages in excess of $75,000 in products liability cases where similar injuries were alleged. *See, e.g.*, *Karlsson*

**FILED UNDER SEAL**

1  *v. Ford Motor Co.*, 45 Cal. Rptr. 3d 265, 268 (Ct. App. 2006); *Jones v. John Crane, Inc.*, 35 Cal.

2  Rptr. 3d 144, 148–49 (Ct. App. 2005).

3       34.    Finally, in the hundreds of personal injury cases pending in the Zantac MDL, each

4  plaintiff either expressly claims damages in excess of $75,000 or has impliedly done so by filing a

5  lawsuit in federal court and invoking federal diversity jurisdiction.  Numerous plaintiffs in these

6  cases allege that they have been diagnosed with colorectal cancer, the same type of cancer alleged

7  in the Complaint.  *See, e.g.*, *Roman-Padin v. GlaxoSmithKline LLC et al.*, No. 9:21-cv-82084 (S.D.

8  Fla.); *Howell v. Sanofi-Aventis U.S. LLC et al.*, No. 9:21-cv-80101 (S.D. Fla.).

9       35.    Although the Removing Defendants deny that Plaintiff is entitled to any damages, the

10  allegations in Plaintiff's Complaint demonstrate that the amount in controversy exceeds $75,000,

11  exclusive of interest and costs.

12  **IV.    Procedural Requirements of Removal Are Satisfied**

13       36.    This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

14       37.    Boehringer Ingelheim Pharmaceuticals, Inc. and Boehringer Ingelheim USA

15  Corporation were served with the Complaint on January 24, 2023.

16       38.    GlaxoSmithKline, LLC, Pfizer Inc., Sanofi US Services Inc., Sanofi-Aventis U.S.

17  LLC, Walgreen Co., and Rite Aid Corporation were served with the Complaint on January 25, 2023.

18       39.    Removal pursuant to 28 U.S.C. § 1441(a) requires that "all defendants who have been

19  properly joined and served must join in or consent to the removal of the action."  28 U.S.C.

20  § 1446(b)(2)(A).

21       40.    All of the Removing Defendants consent to this removal.

22       41.    Patheon is fraudulently joined and therefore is not required to join in the removal.  *See*

23  *United Computer Sys. Inc. v. AT&T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002).

24       42.    The unidentified defendants Does 1–100 are not required to consent to removal.  *See*

25  *Hafiz v. Greenpoint Mortg. Funding*, 409 F. App'x 70, 72 (9th Cir. 2010) (nominal parties are not

26  required to consent to removal).

27       43.    The Removing Defendants are providing Plaintiff with written notice of the filing of

28  this Notice of Removal as required by 28 U.S.C. § 1446(d).

**FILED UNDER SEAL**

44.     Pursuant to 28 U.S.C. § 1446(d), the Removing Defendants are filing a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California in and for the County of San Francisco.

45.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders and other papers filed in the state court action—as available from the state court docket or otherwise made available to the Removing Defendants at the time of filing this Notice—are attached hereto as **Exhibit C**.

46.     By filing this Notice of Removal, the Removing Defendants do not waive any defense that may be available to them and reserve all such defenses, including but not limited to those related to service of process and lack of personal jurisdiction.  If any question arises regarding the propriety of the removal to this Court, the Removing Defendants request the opportunity to present a brief oral argument in support of their position that this case has been properly removed.

47.     No previous application has been made for the relief requested herein.

## <u>CONCLUSION</u>

48.     The Removing Defendants hereby demand a separate jury trial on all claims and issues so triable.

WHEREFORE, the Removing Defendants give notice that the matter bearing Case No. CGC22603510 pending in the Superior Court of the State of California in and for the County of San Francisco is removed to the United States District Court for the Northern District of California, and requests that this Court retain jurisdiction for all further proceedings in this matter.

Dated:  February 23, 2023

By:  */s/ Alex Beorukhim*
Alex Beroukhim (SBN 220722)
**ARNOLD & PORTER KAYE SCHOLER LLP**
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017
Telephone:  (213) 243-4000
Facsimile:  (213) 243-4199
Email:  alex.beroukhim@arnoldporter.com

**FILED UNDER SEAL**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Tommy Huynh (SBN 306222)
**ARNOLD & PORTER KAYE SCHOLER
LLP**
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111
Telephone:  (415) 471-3100
Facsimile:  (415) 471-3400
Email:  tommy.huynh@arnoldporter.com

*Attorneys for Defendants Sanofi US Services Inc.
and Sanofi-Aventis U.S. LLC*

By:     */s/ Matthew J. Blaschke*
          (as authorized on February 23, 2023)
          Matthew J. Blaschke (SBN 281938)
          **KING & SPALDING LLP**
          50 California Street, Suite 3300
          San Francisco, CA 94111
          Telephone:  (415) 318-1212
          Facsimile:  (415) 318-1300
          Email:  mblaschke@kslaw.com

          *Attorney for Defendants Boehringer Ingelheim
          Pharmaceuticals, Inc. and Boehringer Ingelheim
          USA Corporation*

By:     */s/ Kimberly Branscome*
          (as authorized on February 23, 2023)
          Kimberly Branscome (SBN 255480)
          Jay Bhimani (SBN 267689)
          **DECHERT LLP**
          633 W. 5th Street, Suite 4900
          Los Angeles, CA 90071
          Telephone:  (213) 808-5700
          Facsimile:  (213) 808-5760
          Email:  kimberly.branscome@dechert.com
          Email:  jay.bhimani@dechert.com

          Jonathan Tam (SBN 304143)
          **DECHERT LLP**
          One Bush Street, Suite 1600
          San Francisco, CA  94104
          Telephone:  (415) 262-4500
          Facsimile:  (415) 262-4555
          Email:  jonathan.tam@dechert.com

**FILED UNDER SEAL**

*Attorneys for Defendant GlaxoSmithKline LLC*

By:  /s/ Jessica B. Rydstrom
(as authorized on February 23, 2023)
Jessica B. Rydstrom (SBN 256600)
**WILLIAMS & CONNOLLY LLP**
680 Maine Avenue, SW
Washington, DC 20024
Telephone:  (202) 434-5000
Facsimile:  (202) 434-5029
Email:  jrydstrom@wc.com

*Attorney for  Defendant Pfizer Inc.*

By:  /s/ Noushan Noureddini
(as authorized on February 23, 2023)
Noushan Noureddini (SBN 278512)
**BARNES & THORNBURG LLP**
2029 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone:  (310) 284-3766
Facsimile:  (310) 284-3894
Email:  NNoureddini@btlaw.com

*Attorney for  Defendants Walgreen Co.
(erroneously sued herein as Walgreens Co.) and
Rite Aid Corporation*